IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2025

## STATE OF TENNESSEE v. LACEY JONES

**Appeal from the Criminal Court for Shelby County**
No. 03-02148     Jennifer Fitzgerald, Judge
_____

## No. W2024-01551-CCA-R3-CD
_____

The Defendant, Lacey Jones, appeals the trial court's summary dismissal of his motion[1] to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 based on his claim that he was illegally sentenced as a Range II, multiple offender.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and KYLE A. HIXSON, JJ., joined.

Lacey Jones, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.     FACTUAL AND PROCEDURAL HISTORY

In March 2004, the Defendant was convicted of four counts of especially aggravated kidnapping, one count of aggravated burglary, and two counts of aggravated robbery in the

_____

[1] The Defendant uses the term "petition" in the title of his request for correction of an illegal sentence.  However, Tennessee Rule of Criminal Procedure 36.1 uses the term "motion."  Therefore, the Defendant's filing will be referred to as a motion.

Shelby County Criminal Court. *State v. Jones*, No. W2004-01628-CCA-R3-CD, 2005 WL 1848476 (Tenn. Crim. App. Aug. 4, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005). The trial court sentenced him to serve thirty-five years as a repeat violent offender for each especially aggravated kidnapping conviction to be served concurrently and seven years as a Range II, multiple offender for aggravated burglary to be served consecutively to the especially aggravated kidnapping counts. *Id*. at *1. The aggravated robbery counts were merged with the convictions for especially aggravated kidnapping. *Id*. On appeal, among other claims, the Defendant challenged the trial court's order of partial consecutive sentencing. *Id*. at *4. He did not challenge the trial court's range classification on any count. *Id*. at *1. This court affirmed the judgments. *Id*.

The Defendant subsequently filed a pro se petition for post-conviction relief alleging that he received the ineffective assistance of counsel. *Jones v. State*, No. W2013-00483-CCA-R3-PC, 2014 WL 1494135 (Tenn. Crim. App. Apr. 15, 2014), *no perm. app. filed*. The post-conviction court denied the petition after appointment of counsel and a hearing. *Id*. at *1. The post-conviction court's ruling was subsequently upheld on appeal. *Id*. at *1, *8. Seven years later, the Defendant filed a pro se petition for writ of habeas corpus asserting, among other claims, that his sentence was illegal because his guilty-pled prior convictions used to enhance his sentence were void, as "he did not enter them knowingly." *Jones v. State*, No. W2021-00355-CCA-R3-HC, 2022 WL 414156 (Tenn. Crim. App. Feb. 11, 2022), *no perm. app. filed*. The habeas court entered an order summarily dismissing the petition without a hearing on May 11, 2022. *Id*. at *1. This order was also upheld on appeal. *Id*. at *1, *6.

In the present matter, the Defendant filed a convoluted pro se petition titled "Petition To Correct An Illegal Sentence For Relief From Conviction And Sentence" on June 28, 2024. The trial court, showing admirable skills of reading comprehension and deduction, summarized the Defendant's claims as follows:

> (1) substantial constitutional violations; (2) multiple ineffective assistance of counsel claims; (3) that the Court erred by relying on [the] District Attorney's erroneous assessment that the Defendant's prior aggravated robbery conviction placed the Defendant as a Range II offender; (4) egregious and improper prosecutorial misconduct; (5) trial court was constitutionally deficient, prejudice, and bias during sentencing, when the trial court failed to inform the [Defendant] of waiving his rights; (6) trial court's failure to inform [the Defendant] in open court of his right against self-incrimination; (7) actual prejudice; (8) the [Defendant's] sentence of a thirty-five-year sentence consecutive to a seven year sentence is in direct contravention of the sentencing laws; and (9) failure of the trial court to merge indictments/convictions.

The trial court then examined the motion as both a Rule 36.1 motion to correct an illegal sentence and a petition for post-conviction relief. The trial court summarily dismissed both claims on the basis that the Defendant failed to state a colorable claim under Rule 36.1, and that the Defendant previously filed a petition for post-conviction relief, which was denied after a hearing; therefore, pursuant to Tennessee Code Annotated § 40-30-106,[2] the post-conviction claims were dismissed. The Defendant now files this timely appeal.

## II.    ANALYSIS

On appeal, the Defendant argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 because the original sentencing court failed to apply the "twenty-four rule" in finding him to be a Range II, multiple offender. *See* Tenn. Code Ann. § 40-35-106(b)(4) (1989) (subsequently amended).[3] The State responds that the trial court did not err in summarily dismissing the petition because the petition failed to state a colorable claim under Rule 36.1. We agree with the State.

Rule 36.1 provides both the criminal defendant and the State an avenue to seek the correction of an illegal sentence at any time before the sentence has expired. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). A motion to correct an illegal sentence pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Wooden*, 478 S.W.3d at 594. "If the motion states a colorable claim that the unexpired sentence is illegal, . . . and if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant." Tenn. R. Crim. P. 36.1(b)(3). On the other hand, if the trial court, after reviewing the motion, any response thereto, and the record, "determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2).

---

[2] "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed in the court of conviction or within the time set forth in the statute of limitations, *or that a prior petition was filed attacking the conviction and was resolved on the merits*, the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b) (emphasis added).

[3] "Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury to the victim or victims, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions." Tenn. Code Ann. § 40-35-106(b)(4) (1989). Although not germane to our holding in this matter, we point out that prior convictions for aggravated robbery do not merge under the twenty-four-hour rule. *See, e.g.*, *State v. Abdi*, No. M2009-01614-CCA-R3-CD, 2010 WL 2977892, at *6 (Tenn. Crim. App. July 29, 2010), *perm. app. denied* (Tenn. Jan. 18, 2011).

A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.2d at 593. Whether a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 states a colorable claim for relief is a question of law which this court reviews de novo. *Id*. at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The Tennessee Supreme Court has recognized three categories of sentencing errors: clerical errors, which involve clerical mistakes in a defendant's judgment sheet and which may be corrected through Rule 36; appealable errors, for which the Sentencing Act provides a right of direct appeal; and fatal errors, which are "so profound as to render the sentence illegal and void." *Wooden*, 478 S.W.3d at 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). Rule 36.1 authorizes the correction of only fatal errors. *Wooden*, 478 S.W.3d at 595; Tenn. R. Crim. P. 36.1(a). This is where the Defendant's claim fails.

The Defendant's Rule 36.1 argument is that he was incorrectly sentenced as a Range II, multiple offender; therefore, his sentences were excessive because they were outside the applicable sentencing range. However, as this court has repeatedly held, assignments of error in offender classifications are not fatal errors, and thus, "are not within the purview of . . . Rule 36.1." *State v. Lindsey*, No. E2014-02096-CCA-R3-CD, 2015 WL 5692072, at *2 (Tenn. Crim. App. Sept. 29, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016); *see also, e.g.*, *State v. Adams*, No. M2024-00723-CCA-R3-CD, 2025 WL 1881776, at *3 (Tenn. Crim. App. Jul. 8, 2025), *perm. app. not yet filed*; *State v. Davis*, No. W2022-01404-CCA-R3-CD, 2023 WL 3916274, at *4 (Tenn. Crim. App. Jun. 9, 2023), *perm app. denied* (Tenn. Nov. 20, 2023); *State v. Hardy*, No. M2017-00537-CCA-R3-CD, 2017 WL 3492060, at *2 (Tenn. Crim. App. Aug. 15, 2017), *perm. app. denied* (Tenn. Nov. 16, 2017); *State v. Williams*, No. W2015-00662-CCA-R3-CD, 2016 WL 1385613, at *2 (Tenn. Crim. App. Apr. 6, 2016), *no perm. app. filed*.

The Defendant was convicted and sentenced for the class A felony offense of especially aggravated kidnapping and the class C felony offense of aggravated burglary. The potential range of punishment for a class A felony at the time of the Defendant's offenses was fifteen to sixty years. Tenn. Code Ann. § 40-35-112 (1989). He received a sentence of thirty-five years for these offenses. The potential range of punishment for a class C felony was three to fifteen years. *Id*. He received a seven-year sentence for this offense. Therefore, his sentences were within the sentence ranges for each conviction. Taking his claim in the light most favorable to the Defendant, summary dismissal was appropriate because he failed to state a colorable claim under Rule 36.1. The judgment of the trial court is affirmed.

- 4 -

### III.   CONCLUSION

Following our review of the record and based on the foregoing analysis, we affirm the judgment of the trial court.

s/ *STEVEN W. SWORD*

STEVEN W. SWORD, JUDGE